**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOHN RIGGINS,

    Plaintiff,                                 CASE NO. 05-CV-10016-BC

v.                                         DISTRICT JUDGE DAVID M. LAWSON
                                                 MAGISTRATE JUDGE CHARLES BINDER
CITY OF SAGINAW and
SAGINAW POLICE DEPARTMENT,

    Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RECOMMENDING *SUA SPONTE* DISMISSAL WITHOUT**
**PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**II.    REPORT**

By order of U.S. District Judge David M. Lawson, this case has been referred to the undersigned magistrate judge for all pretrial proceedings. Plaintiff's *pro se* complaint was filed January 20, 2005. Plaintiff alleges that "the Defendants['] policy of hiring officers that had been fired from other departments caused the damage of the Plaintiff, in that the City of Saginaw Police Department hired Det. Sgt. Mark Lively." (Compl. ¶ 1.)

Although this case was filed over four months ago, there is no indication that either of the defendants have been served with the summons and complaint. Rule 4 of the Federal Rules of

Civil Procedure governs service of process, and it provides a 120-day time limit for effectuating service:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Because the 120-day time limit expired on May 20, 2005, and neither defendant has been served, Rule 4(m) confers on the Court discretion to determine whether the case should be dismissed without prejudice or whether the time for service should be extended.

Plaintiff in this case has filed at least 15 other lawsuits in this Court, a number of which evidence his knowledge of the proper procedure for undertaking service of process.  I therefore suggest that under Rule 4(m), the appropriate exercise of this Court's discretion is to dismiss this complaint without prejudice.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

                                                          s/ *Charles E Binder*
                                                          CHARLES E. BINDER
Dated: June 15, 2005                          United States Magistrate Judge

### CERTIFICATION

     I hereby certify that this Report And Recommendation was electronically filed this date, and served on John Riggins and District Judge Lawson in the traditional manner.

Date:  June 15, 2005                     By     s/Jean L. Broucek
                                                            Case Manager to Magistrate Judge Binder